**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1203**

———————

CHOICE HOTELS INTERNATIONAL, INCORPORATED,

Plaintiff - Appellee,

versus

GHANSHYAM K. PATEL, a/k/a George Patel; ARVIND
S. PATEL; KULDEEP SINGH,

Defendants - Appellants.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CA-
03-2318-DKC-8)

———————

Argued: October 28, 2004          Decided: November 19, 2004

———————

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Onkar Nath Sharma, SHARMA & BHANDARI, Silver Spring,
Maryland, for Appellants. Leah Darring Turner, CHOICE HOTELS
INTERNATIONAL, INCORPORATED, Silver Spring, Maryland, for Appellee.
**ON BRIEF:** Kerry S. McGeever, CHOICE HOTELS INTERNATIONAL,
INCORPORATED, Silver Spring, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

The underlying dispute in this case, arising from a franchise agreement between Choice Hotels International, Inc. and Ghanshyam K. Patel, Arvind S. Patel, and Kuldeep Singh (collectively, the "Franchisees"), was submitted to arbitration, resulting in an award of $83,256.91 plus interest to Choice. The district court granted Choice's application to confirm the award. The Franchisees appeal, asserting various jurisdictional, procedural, and substantive errors. We affirm.

I.

The Franchisees signed a franchise agreement with Choice, effective May 29, 1992, pursuant to which the Franchisees operated a Branson, Missouri hotel branded under one of Choice's marks. The agreement included an arbitration clause, a choice of law clause mandating that the law of Maryland would govern disputes, and a liquidated damages provision. The Agreement named Ghanshyam K. Patel ("Patel") as the designated representative of the Franchisees, and provided an address at which he could be reached. Patel later changed the address to which he wanted correspondence sent.

Choice terminated the franchise agreement by a letter sent to Patel at the corrected address. In December, 2000, Choice also filed a claim against Patel with the American Arbitration

2

Association, and sent notice to the corrected address. Later, in May, the parties negotiated a Reinstatement Agreement. The arrangement did not succeed, however, and Choice sent a second Notice of Termination to the corrected address on Sept. 5, 2003. Choice denied the Franchisees' subsequent request to reinstate the agreement. Choice then filed an amended demand for arbitration, which it sent to the corrected address.

The arbitrator held a preliminary hearing by conference call on April 15, 2003, with the Franchisees not in attendance. The operator had called Patel's phone number and was put on hold, but no one joined the call. The operator called back and left a number for Patel to call to join the conference, but neither he nor any other representative of the Franchisees did so.

A notice of hearing was sent to the corrected address on April 16, 2003. The hearing was held on June 13, 2003, but the Franchisees were again not in attendance. The Franchisees sought to file various post-hearing motions and requests, all of which were denied by the arbitrator. On August 6, 2003, the arbitrator issued an award to Choice of $83,256.91 plus interest.

## II.

Thereafter, Choice filed an application to confirm the arbitration award in the district court. The Franchisees opposed it, asserting that the district court did not have diversity

3

jurisdiction over the action, because the amount in controversy requirement had not been met; that the Franchisees had not received proper notice of the arbitration demand and hearing; that the arbitration clause in the franchise agreement was unenforceable; that the arbitrator had exceeded his powers or so imperfectly executed them that a mutual, final, and definite award was not made; that the arbitrator showed bias and acted in manifest disregard of the law; that the award was unclear and without reasonable basis; that the award was against the public policy of Missouri; and that the liquidated damages provision award constituted unjust enrichment and an unenforceable penalty. The Franchisees requested that the award be vacated. The district court rejected the Franchisees' claims, and confirmed the award.

III.

We review the district court's legal conclusions de novo, and its factual findings for clear error, keeping in mind the deference due to arbitration awards. Apex Plumbing Supply, Inc. v. U.S. Supply Co., 142 F.3d 188, 193 (4th Cir. 1998). We have reviewed the record, briefs, and applicable case law, and we have heard oral argument. We are convinced that the district court properly resolved this case. Therefore, for the reasons given by the district court, see Choice Hotels Int'l, Inc. v. Patel, Civil

4

Action No. DKC-03-2318 (D. Md. Jan. 13, 2004), the judgment of the district court is

AFFIRMED.